UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------------ x
UNITED STATES OF AMERICA,                      :
                                               :     MEMORANDUM &
                    Plaintiff,                 :     ORDER GRANTING IN
                                               :     PART AND DENYING IN
        -against-                              :     PART MOTION TO
                                               :     FORFEIT APPEARANCE
WINIFER ACOSTA JIMENEZ,                        :     BOND AND FOR ENTRY
                                               :     OF JUDGMENT
                    Defendant.                 :
                                               :     3:24-CR-00016-2 (VDO)
                                               :
------------------------------------------------------------------ x
```

**VERNON D. OLIVER**, United States District Judge:

Before the Court is the Government's motion to forfeit Defendant Winifer Acosta Jimenez's appearance bond. The Government also asks the Court to enter default judgment against Defendant and her sureties pursuant to Rule 46(f)(2) of the Federal Rules of Criminal Procedure. (Mot., ECF No. 55.) For the reasons set forth below, the Court **grants** the Government's motion for forfeiture and **denies** its motion for default judgment.

**I.    BACKGROUND**

On January 23, 2024, Defendant Winifer Acosta Jimenez was charged by indictment with conspiracy to distribute and to possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(b)(vi), and 846. (Indictment, ECF No. 1, at 1.) Defendant self-surrendered on January 31, 2024, and the Court set conditions of release and approved the issuance of an unsecured appearance bond in the amount of $100,000. (Conditions of Release Order, ECF No. 9; Appearance Bond, ECF No. 10.) By signing the Conditions of Release Order, Defendant agreed to "submit to supervision by and report for supervision to the United States Probation Office" and to submit to location monitoring via GPS, among other

conditions. (Conditions of Release Order at 2–3.) By signing the Appearance Bond, Defendant "agree[d] to follow every order of this court, or any court that considers this case, and [] further agree[d] that this bond may be forfeited if [she] failed[ed]: to appear for court proceedings; [and] if convicted, to surrender to serve a sentence that the court may impose[.]" (Appearance Bond at 1.) The Appearance Bond expressly provided that this "bond may be forfeited if the defendant does not comply with the above agreement." (*Id*.) Four sureties also executed the Appearance Bond and signed Surety Information Sheets.

On July 31, 2024, the United States Probation Office reported a tamper alert on Defendant's GPS tracker. (PS8 Report, ECF No. 64-2, at 3.) The tracker pinged from the Bronx, where Defendant was living, and then pinged from the water off the coast of New York. (*Id*.) The Court issued a warrant for Defendant's arrest on August 5, 2024. (ECF No. 47.) Her whereabouts are currently unknown. (Opp., ECF No. 66, at 5.)

## II. **DISCUSSION**

Rule 46(f) of the Federal Rules of Criminal Procedure contemplates a three-step process for bail forfeiture. First, this Court "must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). The Court may then set aside the forfeiture for a variety of reasons. *Id*. 46(f)(2). Finally, "[i]f [the Court] does not set aside a bail forfeiture" pursuant to Rule 46(f)(2), it must enter a default judgment. *Id*. 46(f)(3)(A). In the present case, the Government asks the Court to declare the appearance bond forfeited and to enter a default judgment. (Mot. at 1.) The Government alleges that Defendant Jimenez and her sureties "all acknowledged and agreed that the bond was subject to forfeiture in the event that [Jimenez] failed to comply with her conditions of release[.]" (Mem., ECF No. 55-1, at 4.)

A bail bond is a "contract between two parties: the government and the surety on behalf of the criminal defendant." *United States v. Santiago*, 826 F.2d 499, 502 (7th Cir. 1987); *accord United States v. Brooks*, 872 F.3d 78, 93 (2d Cir. 2017); *see also United States v. Stathakis*, No. 04-CR-790, 2007 WL 3124703, at *3 (E.D.N.Y. Oct. 24, 2007). The language in the agreement is thus "strictly construed in accordance with its contractual provisions[.]" *Id*. (citing *United States v. Lujan*, 589 F.2d 436, 438 (9th Cir. 1978)). "[T]he majority of courts have concluded that forfeiture of the bond under Rule 46(f) is an appropriate sanction for the violation of any condition of release, whether that condition relates to the defendant's appearance in court or not." *Stathakis*, 2007 WL 3124703, at *3 (collecting cases).

Interpreting the "language of the bond," the Court concludes that Defendant Winifer Acosta Jimenez violated a condition of the Appearance Bond. *See id*. Not only did Defendant agree that the bond would be forfeited if she failed (1) "to appear for court proceedings" or (2) "if convicted, to surrender to serve a sentence," but she also agreed to "follow every order of this court." (Appearance Bond at 1.) In other words, she agreed to abide by the Conditions of Release Order—as noted above, she was required to report to the United States Probation Office and submit to location monitoring. (Conditions of Release Order at 2–3.)  Though the Appearance Bond expressly conditions forfeiture on a failure to appear or a failure to surrender, it also includes the following sentence: "This appearance bond may be forfeited if the defendant does not comply with the above agreement." (Appearance Bond at 1.) Thus, Defendant agreed that the bond could be forfeited if she failed to "follow every order of this court," including the Conditions of Release Order. *See United States v. Compton*, No. 13-CR-405 (NAM), 2015 WL 13158340, at *1 (N.D.N.Y. July 13, 2015) (noting that the bond

3

agreement provided that the "appearance bond may be forfeited if the defendant does not comply with the above agreement").

Defendant has violated at least two of these conditions. Because her GPS tracker is no longer affixed to her person, she has failed to submit to location monitoring. In addition, she has not been responsive to the United States Probation Office since July 2024. (*See* Mem. at 3.) It follows that she has failed to "submit to supervision by and report for supervision to the United States Probation Office[.]" (Conditions of Release Order at 2.) The Court finds that these violations of the Conditions of Release Order were also violations of the Appearance Bond.

Counsel for Defendant attaches great significance to a missing check mark on the Appearance Bond. Indeed, though Defendant agreed "that this bond may be forfeited" should she fail to appear for court proceedings or to surrender to serve her sentence, no check mark appears by the third condition on the list: "to comply with all conditions set forth in the Order Setting Conditions of Release." (Appearance Bond at 1.) Defense counsel thus contends that neither Defendant nor the sureties agreed that the bond could be forfeited should she fail to comply with Conditions of Release Order. The Court concludes, however, that the missing check mark does not override the other provisions in the Appearance Bond. As explained above, Defendant agreed that the bond might be forfeited should she fail to "comply with the above agreement." (*Id.*) That agreement included her promise to "follow every order of this court," including the order setting her conditions of release. (*Id.*)

Defense counsel further argues that forfeiture would be premature because Defendant has not "breached" a condition of the bond, as required by Rule 46(f)(1) of the Federal Rules of Criminal Procedure. (Opp. at 10–11.) Counsel contends that a "breach" must involve a

4

"deliberate choice," and suggests that Defendant is not responsible for her own disappearance. (*Id.*) The Court finds no support for this argument in the case law or in the record. It therefore declines to address it at this juncture.

Though the Court declares the bond forfeited pursuant to Rule 46(f)(1) of the Federal Rules of Criminal Procedure, it denies the Government's motion for default judgment in the amount of $100,000 against Jimenez and her sureties. Indeed, following a declaration of forfeiture, a court may "set aside in whole or in part" that forfeiture if "the surety later surrenders into custody the person released on the surety's appearance bond" or "it appears that justice does not require bail forfeiture[.]" Fed. R. Crim. P. 46(f)(2)(A)–(B). Only if a court does not set aside the forfeiture is default judgment appropriate. *See id.* 46(f)(3)(A).

In determining whether forfeiture should be set aside, a court must consider five factors: "[1] whether the defendant's breach of the bond conditions was willful; [2] the cost, inconvenience and prejudice suffered by the government as a result of the breach; [3] any explanation or mitigating factors presented by the defendant; [4] whether the surety has assisted in the apprehension of the defendant; and [5] whether the surety is a professional or a friend or member of the defendant's family." *United States v. Brooks*, 872 F.3d 78, 92 (2d Cir. 2017). The Government notes that these factors are "not applicable here," but offers no further explanation. (Mem. at 4.) Because the parties do not address these five factors in full in their memoranda, the Court schedules a hearing on this issue for **December 9, 2024,** at **10:00 AM** in North Courtroom, 450 Main St., Hartford, CT.

The pretrial conference remains scheduled for the same date and time. Defendants Pujols and Jimenez will be present at the pretrial conference. The filing deadlines set by the Court at the request of the parties in ECF No. 51 remain unchanged.

5

### III. CONCLUSION

For the foregoing reasons, the Government's motion (ECF No. 55) is **granted in part** and **denied in part**. The Court declares the bond forfeited, but it does not enter default judgment against Jimenez and her sureties.

**SO ORDERED.**

Hartford, Connecticut
November 8, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge